UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

SCANDINAVIAN AIRLINES SYSTEM DENMARK-NORWAY-SWEDEN,

Defendant.

Case No. 26-cv-08076-AGT

**ORDER ON (I) MOTION TO DISMISS, (II) MOTION FOR EXTENSION OF TIME, AND (III) MOTION FOR LEAVE TO AMEND**

Re: Dkt. Nos. 62, 99, 103

Motion to Dismiss. The Court grants Defendant's Rule 12(b)(5) motion to dismiss for insufficient service of process. Defendant is a foreign entity that maintains its principal place of business in Stockholm, Sweden. *See Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, Dkt. 91-1, Schröder Decl. ¶ 5.

Sweden is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.[1] As a result, Plaintiff must serve Defendant by a Convention-approved method of service. *See Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th

[1] *See* Hague Service Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 31, 2024).

793, 800 (7th Cir. 2026) ("[T]he [Hague Service] Convention enumerates the available means of service and prohibits all others."). Plaintiff hasn't done so. He attempted personal service without submitting a request to Sweden's Central Authority. Dkt. 100. This means of service didn't comply with the Convention. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980–81 (N.D. Cal. 2020) (reviewing the Convention's approved methods of service). The Court accordingly grants Defendant's Rule 12(b)(5) motion to dismiss and quashes Plaintiff's attempted service.

Motion for Extension of Time. Plaintiff has requested 90 more days to serve Defendant. Dkt. 99. The Court grants this request. By December 14, 2026, Plaintiff must file proof of service by a Convention-approved method. If Plaintiff doesn't do so and doesn't otherwise show good cause for an extension request, the Court will dismiss the action without prejudice for failure to serve Defendant with process.

Motion for Leave to Amend. Plaintiff seeks leave to amend the first amended complaint to add a prayer for punitive damages under 49 U.S.C. § 41712, based on allegations that Defendant placed Plaintiff on a no-fly list in retaliation for filing this lawsuit. *See* Dkt. 62 at 2 ¶¶ 8–9 (no-fly list allegations); *id.* at 4 (explaining that as proposed, "[r]etaliation is not a separate claim, but [an] argument to ask [for] punitive damages under 49 U.S.C. [§] 41712 as malicious conduct that transcend[ed] a simple breach of contract").

Plaintiff's proposed amendment would be futile. "[T]he prohibition on unfair or deceptive practices in 49 U.S.C. § 41712 has been held not to create a private right of action." *Yakub v. Qatar Airways Grp.*, No. 25-cv-04142-JCS, 2025 WL 1927599, at *6 (N.D. Cal. July 14, 2025) (quoting *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1268 n.21 (11th Cir. 2018)). Plaintiff accordingly cannot sue for punitive damages under § 41712.

Because Plaintiff's proposed amendment would be futile, the Court denies leave to amend. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010).

**IT IS SO ORDERED.**

Dated: September 15, 2026

Alex G. Tse
United States Magistrate Judge